UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY EDWARDS,

    Movant,

v.                                CASE NO. 8:23-cv-450-CEH-SPF
                                CRIM.CASE NO. 8:17-cr-451-CEH-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is the Government's response (cv Doc. 4), which incorporates a motion to dismiss as time-barred Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (cv Doc. 1). Upon consideration, the motion to dismiss will be granted.

**PROCEDURAL BACKGROUND**

Movant pleaded guilty under a plea agreement to conspiracy to possess with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime (Counts One and Six of the Superseding Indictment) (cr Docs. 40, 87, 94). He was sentenced as a Career Offender[1] to 238 months in prison, followed by 60 months on supervised release (cr Docs. 184, 190). The Amended Judgment was

---

[1] *See* United States Sentencing Guidelines § 4B1.1.

1

entered on December 29, 2020 (cr Doc. 189). Movant did not file a direct appeal. He filed his Section 2255 motion on February 26, 2023 (cv Doc. 1 at 12).

**ANALYSIS**

Respondent moves to dismiss the Section 2255 motion as time-barred. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for Section 2255 motions. A one-year period of limitations applies to a Section 2255 motion and runs from the latest of:

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's December 29, 2020 Amended Judgment became final on January 12, 2021, when his time for filing a direct appeal expired. *See Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000); *Murphy v. United States*, 634 F.3d 1303, 1308 n. 13 (11th Cir. 2011) ("[I]t is settled law that a judgment of conviction is not final until the time for appealing the judgment has run[.]"); Fed.R.App.P. 4(b)(1)(A) (providing 14 days from entry of the judgment of conviction to file an appeal). Because Movant's

judgment became final on January 12, 2021, he had through January 12, 2022, to file a Section 2255 motion. He did not file his Section 2255 motion until February 26, 2023. Therefore, his Section 2255 motion is untimely under § 2255(f)(1).

Movant argues his Section 2255 motion is timely under § 2255(f)(2), (3), and (4) (Doc. 1 at docket p. 10; Doc. 2) because it was filed within one year of the decisions in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) and *United States v. Wooden*, 595 U.S. 360 (2022). However, Movant does not allege any unconstitutional or illegal action by the government that prevented him from filing his Section 2255 motion. Thus, the Section 2255 motion is untimely under § 2255(f)(2). And "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period [under § 2255(f)(4)]." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010). Neither the decision in *Jackson* nor the decision in *Wooden* is a new fact for the purposes of timeliness under § 2255(f)(4). *See Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) ("The plain language of the statute refers to 'facts,' and the [*Jackson* and *Wooden*] decision[s] [are] legal opinion[s], not a new fact.") (citing 28 U.S.C. § 2255(f)(4)). Therefore, the Section 2255 motion is also untimely under § 2255(f)(4).

Movant's argument that his Section 2255 motion is timely under § 2255(f)(3) because it was filed within one year of *Jackson* and *Wooden* also fails. The Section 2255 motion cannot be timely under *Jackson* because it is an Eleventh Circuit Court of Appeals' decision. Section 2255(f)(3) applies only to new rights "recognized by the

Supreme Court"—not any other court. *See, e.g.*, *United States v. Thompson*, 2022 WL 245946, at *2 (10th Cir. Jan. 27, 2022) (Section 2255(f)(3) applies only where the Supreme Court newly recognized the right on which the claim relies).

*Wooden* also does not extend the limitations period under § 2255(f)(3) because it announced no newly recognized right. Instead, *Wooden* merely clarified the meaning of the Armed Career Criminal Act's ("ACCA") "occasions clause." *Id*. at 1074. *See also Weaver v. United States*, 2024 WL 4102025, at *1 (11th Cir. Mar. 25, 2024) ("*Wooden* did not expressly hold that it was recognizing a new constitutional right or that it would apply retroactively to cases on collateral review."); *Alston v. United States*, 2023 WL 2974174, at *11 (M.D. Fla. Apr. 17, 2023) ("*Wooden* does not extend the limitations period under § 2255(f)(3) because it did not announce a newly recognized right.") (citing 28 U.S.C. § 2255(f)(3)). And even if Wooden had newly recognized a right, that right would not apply to Movant because he was not sentenced under the ACCA. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("[I]f a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed."). Thus, the Section 2255 motion is untimely under § 2255(f)(3).

Movant argues that even if his Section 2255 motion is untimely, he is entitled to a review of his claims because he is actually innocent of his enhanced sentence under

the ACCA (cv Doc. 2 at pp. 4-5, 7-8). But, again, Movant was not sentenced under the ACCA. Thus, his claim of actual innocence fails.

Lastly, even if the Section 2255 motion could be construed as asserting Movant's actual innocence of his enhanced sentence as a Career Offender, the claim still would fail. Movant argues that he is actually innocent of the enhanced sentence because his prior drug convictions do not qualify as predicate offenses and were not "committed on occasions different from one another."

"[A] showing of actual innocence provides an exception to the time bar under AEDPA." *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)). But "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is *factually* innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir. 2011) (emphasis in original). Movant neither asserts nor shows that he is factually innocent of his prior drug convictions. His arguments about his prior drug convictions are legal arguments. *Id*. at 1199 (whether a prior conviction qualifies as a predicate crime for applying the "career offender" enhancement is a "purely *legal* argument"). The arguments, therefore, do not support an "actual innocence" claim sufficient to avoid the statute of limitations bar. Accordingly, Movant's Section 2255 motion is time-barred.

It is, therefore, **ORDERED** that Respondent's motion to dismiss (cv Doc. 4) is **GRANTED**. Movant's Section 2255 motion (cv Doc. 1) is **DISMISSED** as time-barred.[2] The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS DENIED**

Movant has no absolute right to appeal the dismissal of his Section 2255 motion. 28 U.S.C. § 2253(c)(1). The district court must first issue a certificate of appealability ("COA"). *Id.* A COA will issue only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a movant must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*

---

[2] The Section 2255 motion also warrants no relief for each other reason (procedural default, cognizability) set forth in the Government's response, which the Court adopts and incorporates into this Order.

*v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Movant cannot make that showing. And since he is not entitled to a COA, he may not appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on March 19, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Movant, *pro se*